UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>    Plaintiff,<br><br>v.<br><br>E. BLACK, et al.,<br><br>    Defendants. | Case No. 20-cv-05900-YGR (PR)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE; AND DIRECTING PLAINTIFF TO COMPLETE NON-PRISONER APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*** |

This case was initially filed on August 18, 2020 in the Eastern District of California and opened as a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 when Plaintiff, a civil detainee, filed a civil rights complaint form in which he complained about conditions at Salinas Valley State Prison ("SVSP"). Dkt. 1. Also on the same date, Plaintiff filed a completed form entitled, "Application to Proceed *In Forma Pauperis* ('IFP') By a Prisoner," from the United States District Court for the Eastern District of California. Dkt. 2.

In an Order dated August 20, 2020, Magistrate Judge Kendall J. Newman of the United States District Court for the Eastern District of California transferred the instant action to this district. Dkt. 6.

The Court notes that Plaintiff is not a "prisoner" subject to the provisions of the Prisoner Litigation Reform Act. *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (to fall within the definition of "prisoner," the individual in question must be currently detained as a result of accusation, conviction, or sentence for a criminal offense). Because Plaintiff is not a "prisoner," the provisions of section 1915—that require prisoners who seek to proceed IFP to submit a copy of transactions in their inmate account and provide that the full filing fee be paid in installments—do not apply to him. However, non-prisoners are required by section 1915(a)(1) to provide an affidavit with sufficient information to allow the Court to make an accurate determination whether they are indigent and thus entitled to proceed IFP. If, based upon the information provided by Plaintiff, the Court grants Plaintiff leave to proceed IFP, the Court will proceed to review the

complaint under § 1915(e)(2).[1]  If the Court determines that Plaintiff is not entitled to IFP status, he will be required to pay the full filing fee or the action will be dismissed.

Here, the prisoner IFP application was not the proper form. Additionally, the record does not include information about any inmate trust account that he had. Non-prisoner status is not the determining factor in whether a litigant will be allowed to proceed as a pauper. The Court must have information about an applicant's financial wherewithal to decide whether pauper status is appropriate and whether a partial filing fee may be assessed, but Plaintiff's current application does not provide enough information for the Court to make the decision. Accordingly, his IFP application is DENIED without prejudice because it is incomplete. Dkt. 2.

Plaintiff is hereby ORDERED to file a non-prisoner application to proceed IFP. Plaintiff shall answer all questions in the attached application and shall provide any requisite documentation. He shall file his completed application within **twenty-eight (28) days** of the date of this Order. **The failure to do so will result in the dismissal of this action without prejudice.**

The Clerk of the Court is directed to send Plaintiff a blank non-prisoner IFP application form.

This Order terminates Docket No. 2.

IT IS SO ORDERED.

Dated: September 3, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge

cc: blank Non-Prisoner IFP form mailed to plaintiff. clerk

---

[1] Under this section, the Court is required to conduct a preliminary screening for frivolity, failure to state a claim, or immune defendants in any IFP action.