UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYMEYON HILL,

          Plaintiff,

    v.

E. BLACK, et al.,

          Defendants.

Case No. 20-cv-05900-YGR (PR)

**ORDER OF SERVICE**

## I. INTRODUCTION

Plaintiff, a civil detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Dkt. 1. Thereafter, Plaintiff filed an amended complaint, which is the operative complaint in this action. Dkt. 9. He alleges violations of his constitutional rights by prison officials and medical staff at Salinas Valley State Prison ("SVSP"). *See id.*

The Court will grant his motion for leave to proceed *in forma pauperis* in a separate written Order.

In his amended complaint, Plaintiff names the following Defendants at SVSP: Sgt. E. Black; Officers D. Leach,[1] R. Borrego, E. Avila, N. Reese, and J. Garcia[2]; and Registered Nurse Augustin. Dkt. 9 at 3.[3] Plaintiff seeks injunctive relief and monetary damages. *Id.* at 9.

Venue is proper because certain events giving rise to the claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). The Court now conducts its initial review of the amended complaint pursuant to 28 U.S.C. § 1915A.

---

[1] This Defendant's first initial is incorrectly listed as "N. Leach" in the Court's docket, but the correct initial should be listed as "D. Leach." *See* Dkt. 9 at 3.

[2] This Defendant is incorrectly listed as "Sheriff F. Garcia" and "Officer T. Garcia" in the Court's docket, but this Defendant should be listed as "Officer J. Garcia." *See* Dkt. 9 at 3.

[3] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*." Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

2

A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

### III. LEGAL CLAIMS

Plaintiff alleges claims stemming from a cell extraction on August 4, 2020, which the Court has summarized as the following: (1) an excessive force claim in violation of his Eighth Amendment rights, and Plaintiff has adequately linked Defendants Black, Leach, Borrego, Avila, Reese, and Garcia to his claim based on Defendant Leach's acts of "striking Plaintiff with [a] baton in [his] left shoulder and [the] side [his] head," as well as Defendants' acts of "punching and kicking Plaintiff after he was in full leg restraints for several minutes" and "repeatedly smashing Plaintiff's face and neck into the floor with the[ir] knees and arms"; and (2) a claim of deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth Amendment rights, stemming from Defendant Augustin's failure to properly treat Plaintiff's injuries to his head and shoulders stemming from the August 4, 2020 incident. Dkt. 1 at 5, 7, 9.

Plaintiff has stated cognizable Eighth Amendment claims of: (1) excessive force against Defendants Black, Leach, Borrego, Avila, Reese, and Garcia; and (2) deliberate indifference to his serious medical needs against Defendant Augustin.

### IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff has stated cognizable Eighth Amendment claims of: (1) excessive force against Defendants Black, Leach, Borrego, Avila, Reese, and Garcia; and (2) deliberate

3

1  indifference to his serious medical needs against Defendant Augustin.

2        2.      The Clerk shall send a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (dkt. 9), and a copy of this Order to the following Defendants at SVSP: **Sgt. E. Black; Officers D. Leach, R. Borrego, E. Avila, N. Reese, and J. Garcia; and Registered Nurse Augustin.** The Clerk shall also send a copy of the amended complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall send a copy of this Order to Plaintiff.

      3.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to bear the cost of such service unless good cause can be shown for the failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

      4.      Defendants shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

      a.      No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be

1  supported by adequate factual documentation, must conform in all respects to Federal Rule of
2  Civil Procedure 56, and must include as exhibits all records and incident reports stemming from
3  the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[4] notice
4  so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to
5  oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out
6  in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss
7  for failure to exhaust available administrative remedies must be accompanied by a similar notice.
8  However, the Court notes that under the new law of the circuit, in the rare event that a failure to
9  exhaust is clear on the face of the amended complaint, Defendants may move for dismissal under
10 Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b)
11 motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315
12 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative
13 remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a
14 defendant as an unenumerated Rule 12(b) motion).  Otherwise, if a failure to exhaust is not clear
15 on the face of the amended complaint, Defendants must produce evidence proving failure to
16 exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in
17 the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary
18 judgment under Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be
19 denied and the district judge, rather than a jury, should determine the facts in a preliminary
20 proceeding.  *Id.* at 1168.

21     If Defendants are of the opinion that this case cannot be resolved by summary judgment,
22 Defendants shall so inform the Court prior to the date the summary judgment motion is due.  All
23 papers filed with the Court shall be promptly served on Plaintiff.

24     b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court
25 and served on Defendants no later than **twenty-eight (28) days** after the date on which
26 Defendants' motion is filed.

---

[4] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of
the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your amended complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

  Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the amended complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your amended complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

       d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

       e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6.    All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

7.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

8.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: January 22, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge